## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

----------------------------------------------------

TANISHA MAYES, *individually, and on*　　:
*behalf of all others similarly situated,*　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　:
　　　　　　　　　　　　　　　　　　:　　Civil Action No.: _____
　　　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　**JURY TRIAL DEMANDED**
COLLEGE CHEFS, LLC　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　:

----------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Tanisha Mayes (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, BROWN, LLC, hereby files this Collective and Class Action Complaint against Defendant, College Chefs, LLC (hereinafter referred to as "Defendant"), and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1.　　Plaintiff brings this action, individually and as a collective action on behalf of all other hourly-paid employees who received overtime compensation and a "weekly guarantee" payment (listed on paystubs as "extra wages paid") (hereinafter referred to as, "weekly guarantee wages") who elect to opt-in to this action to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and attendant regulations.

2.　　Additionally, Plaintiff brings this action, individually and as a Rule 23 class action on behalf of all hourly-paid employees who worked in Wisconsin and received overtime compensation and weekly guarantee wages to recover unpaid overtime wages, liquidated damages,

pre-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's violations of Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01, *et seq.*, Wis Stat. § 104.01, *et seq.*, Wis. Stat. § 103.001, *et seq.,* and Wisconsin Administrative Code DWD 272 and 274 (collectively referred to as "WWPCL").

3.    Defendant provides meal service to college student residences, typically sororities and fraternities. To provide its service, Defendant hires hourly-paid employees who are responsible for cooking, preparing, and catering meals to sororities and universities at designated locations.

4.    Plaintiff and other hourly-paid employees are victims of Defendant's common policy of failing to incorporate their non-base compensation (such as weekly guarantee wages) into their regular rates of pay, for purposes of calculating their hourly overtime rates. As a result, there were many weeks throughout the statutory period in which Plaintiff and other hourly-paid employees received an hourly rate of overtime hours of less than "one and one-half times the[ir] regular rate," in violation of the FLSA. *See* 29 U.S.C. § 207(a)(1); *see also* 29 U.S.C. § 207(e) ("As used in this section the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee").

Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of herself and the "FLSA Collective," defined as: *all current and former hourly-paid employees of the Defendant, who received overtime compensation and weekly guarantee wages, at any time within three (3) years preceding the commencement of this action and the date of judgment. See* 29 U.S.C. §§ 207(a)(1); 216(b).

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

6.      This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

7.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.      The Court has personal jurisdiction over Defendant because it is headquartered in Illinois.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district.

**PARTIES**

10.     Plaintiff Tanisha Mayes is a resident of Madison, Wisconsin, and worked for Defendant from approximately September 7, 2021, to approximately December 28, 2021.

11.     Plaintiff worked at Defendant's client, Gamma Phi Beta house, located at the University of Wisconsin located in Madison, Wisconsin.

12.     Pursuant to 29 U.S.C. § 216(b), Plaintiff has signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

13.     Defendant College Chefs, LLC is an Illinois limited liability company with a principal address located at 411 E. Park Street, Suite 100, Champaign, IL 61820.

14. Defendant maintains and operates services located in Wisconsin, Arizona, Florida, Idaho, Illinois, Indiana, Iowa, Louisiana, Massachusetts, Mississippi, Missouri, Nebraska, New Mexico, Ohio, Pennsylvania, South Carolina, Tennessee, Virginia, and Washington.

15. Defendant's registered agent for service of process in Illinois is Registered Agent Solutions, IN, located at 3000 Professional Drive, Suite A, Springfield, IL 62703.

## GENERAL ALLEGATIONS

16. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

17. Defendant employs hourly-paid employees to cook, prepare, and cater to sororities and fraternities pre-selected meal plans at various colleges and universities.

18. At all times relevant to this action, Defendant is an enterprise whose annual gross volume of sales made, or business done exceeded $500,000.

19. At all times relevant to this action, Defendant was an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

20. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provision of 29 U.S.C. § 201, *et seq*.

21. Hourly-paid employees are/were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

22. Defendant "suffered or permitted" hourly-paid employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

23.     Defendant classified hourly-paid employees as non-exempt employees and paid them on an hourly basis.

24.     Defendant paid hourly-paid employees additional non-base compensation (e.g., weekly guarantee wages).

25.     Hourly-paid employees often worked in excess of forty (40) hours in a workweek.

26.     Plaintiff regularly worked in excess of forty (40) hours in a workweek.

27.     Defendant was aware, or should have been aware, that hourly-paid employees were regularly working in excess of forty (40) hours in a workweek.

28.     As a non-exempt employee, Plaintiff and other hourly-paid employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

29.     In pay periods where hourly-paid employees worked over forty (40) hours and received weekly guarantee wages, they were paid at an incorrect overtime rate of pay, less than 1.5 times their regular rate.

30.     Specifically, Defendant failed to incorporate hourly-paid employees' non-base compensation (such as weekly guarantee wages) into their regular rates of pay, for purposes of calculating their hourly overtime rates.

31.     As a result, there were many weeks throughout the statutory period in which Plaintiff and all other hourly-paid employees received an hourly rate for overtime less than "one and one-half times the[ir] regular rate," in violation of the FLSA. 29 U.S.C. § 207(a)(1). *See* 29 U.S.C. § 207(e) ("As used in this section the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee").

32.     Under the FLSA, the regular rate is the "keystone" to calculating the overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. § 778.108.

33.     No matter how an employee is paid – whether by the hour, by the piece, on a commission, or on a salary – the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. § 778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

34.     There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. The burden is on Defendant to establish that any payment should be excluded. *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3d Cir. 2000). Thus, determining the regular rate starts from the premise that all payments made to Plaintiff and other hourly-paid employees for work performed are included in the base calculation unless specifically excluded by statute.

35.     Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling*, 325 U.S. at 425. The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wage to rate per hour to determine compliance with the statute.

36.     Plaintiff's and other hourly-paid employees' "total remuneration" included not only their hourly pay, but also their weekly guarantee wages payments. *See* 29 C.F.R. § 778.112 ("If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked."); § 778.310 ("A premium in the form of a lump sum which is paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis.").

37.     However, Defendant failed to incorporate weekly guarantee wages payments made to Plaintiff and other hourly-paid employees into the calculations of their regular rates, which caused them to receive overtime rates that were less than one and one-half times their regular rates.

38.     By way of example, during the pay period of September 13, 2021, to September 26, 2021, Plaintiff recorded 6.20 hours of overtime and received $343.79 in weekly guaranteed wages (listed on paystubs as "Extra Wages Paid"). *See* **Exhibit 2**. Despite working overtime and receiving additional non-base compensation, Defendant's failed to incorporate Plaintiff's weekly guaranteed wages into her regular rate of pay, for purposes of determining her overtime premium rate of pay. *See* **Exhibit 2**.

39.     Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

40.     The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

41.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

42.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of the FLSA Collective, defined as:

> *All current and former hourly-paid employees of Defendants, who received overtime compensation and weekly guarantee wages, who worked any time within three (3) years preceding the commencement of this action and the date of judgment ("FLSA Collective").*

43.     Plaintiff reserves the right to amend this definition as necessary.

44.     Excluded from the proposed FLSA Collective are Defendant's executives, administrative, and professional employees, including computer professionals and outside salespersons.

45.     With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the putative members of the FLSA Collective are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

46.     The employment relationship between Defendant and every FLSA Collective member is the same and differ only by name, location, and rate of pay. The key issues – whether Defendant failed to incorporate non-base compensation into their regular rates of pay, for purposes of determining their hourly overtime rates – do not vary substantially among the FLSA Collective members.

47.     Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include over fifty (50) members. The precise number of

the FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

48.     Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

49.     The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

50.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> *All current and former hourly-paid employees, who received overtime compensation and weekly guarantee wages, who worked for Defendant in Wisconsin at any time within three (3) years preceding the commencement of this action and the date of judgment ("Rule 23 Wisconsin Class").*

51.     The members of the Rule 23 Wisconsin Class are so numerous that joinder of all members is impractical. The Rule 23 Wisconsin Class members may be informed of the pendency of this class action by direct mail, e-mail, and text message.

52.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Rule 23 Wisconsin Class, including, but not limited to:

A.     Whether Defendant was required to incorporate Rule 23 Wisconsin Class members' non-base compensation into their regular rates of pay, for purposes of calculating their hourly overtime rates.

53.     Plaintiff's claims are typical of the claims of the Rule 23 Wisconsin Class members. Plaintiff is a former employee of Defendant and was employed as an hourly-paid employee who

9

has suffered similar injuries as those suffered by the Rule 23 Wisconsin Class members as a result of Defendant's failure to incorporate non-base compensation into their regular rates of pay, for purposes of determining their hourly overtime rates. Defendant's conduct of violating the WWPCL has impacted the Rule 23 Wisconsin Class in the exact same way.

54.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Wisconsin Class. Plaintiff is similarly situated to the Rule 23 Wisconsin Class and has no conflict with the Rule 23 Wisconsin Class members.

55.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

56.     Pursuant to Rule 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by or against individual members of the Rule 23 Wisconsin Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Rule 23 Wisconsin Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the WWPCL, has acted or refused to act on grounds generally applicable to the Ruel 23 Wisconsin Class, thereby making equitable relief appropriate with respect to the Ruel 23 Wisconsin Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Rule 23 Wisconsin Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the case,

especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy

57.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. The Rule 23 Wisconsin Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

58.     Additionally, the damages suffered by each Rule 23 Wisconsin Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Rule 23 Wisconsin Class members to bring individual claims. The presentation of separate actions by individual Rule 23 Wisconsin Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Rule 23 Wisconsin Class to protect his or her interests.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**
(***Brought on an Individual and Collective Basis***)

59.     The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

60.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

61.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

62.     In most workweeks, Plaintiff and the FLSA Collective members worked over forty (40) hours.

63.     Defendant failed to incorporate Plaintiff and the FLSA Collective members' non-base compensation into their regular rates of pay, for purposes of calculating their hourly overtime rates. As a result, there were many weeks throughout the statutory period in which Plaintiff and the FLSA Collective members received an hourly rate for overtime hours of less than "one and one-half times the[ir] regular rate," in violation of the FLSA. 29 U.S.C. § 207(a)(1). *See* 29 U.S.C. § 207(e) ("As used in this section the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee").

64.     Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily determined the correct hourly overtime rate by incorporating their non-base compensation into their regular rates of pay, and Defendant could have properly compensated Plaintiff and the FLSA Collective members for such time at the correct rate, but did not.

65.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and attorneys' fees.

## COUNT II
## WISCONSIN WAGE PAYMENT AND COLLECTION LAWS
### Wis. Stat. §§ 109.01, *et seq.,* 103.01, *et seq.*, 104.01, *et seq.*, and
### Wis. Admin. Code § DWD 272.01
### <u>VIOLATION OF THE WWPCL – UNPAID OVERTIME</u>
### (*<u>Brought on an Individual and Wisconsin Class-Wide Basis</u>*)

66. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

67. At all relevant times, Plaintiff and the Rule 23 Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

68. At all relevant times, Defendant was an employer of Plaintiff and the Rule 23 Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

69. At all relevant times, Defendant employed, and continued to employ, Plaintiff and the Rule 23 Wisconsin Class within the meaning of Wis. Stat. §§ 109.01, *et seq.*, 103.01, *et seq.*, 104.01, *et seq.*, and Wis. Admin. Code § DWD 272.01

70. The Wisconsin Wage Payment and Collection Laws require that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. See Wis. Stat. § 109.03(5); Wis. Admin. Code DWD § 274.03.

71. Defendant failed to incorporate Plaintiff and the Rule 23 Wisconsin Class members' non-base compensation into their regular rates of pay, for purposes of calculating their hourly overtime rates. As a result, there were many weeks throughout the statutory period in which Plaintiff and the Rule 23 Wisconsin Class members received an hourly rate for overtime hours of less than one and one-half times their regular rate, in violation of the Wisconsin Wage Payment and Collection Laws.

72.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Rule 23 Wisconsin Class overtime compensation.

73.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

74.     Defendant willfully failed to include all forms of non-discretionary compensation in the Rule 23 Wisconsin Class members' regular rates of pay for overtime calculation purposes, in violation of Wisconsin Wage Payment Laws.

75.     Plaintiff and the Rule 23 Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Rule 23 Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Rule 23 Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

76.     Plaintiff and the Rule 23 Wisconsin Class seek recover of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective and Rule 23 Wisconsin Class, respectfully requests that this Court grant the following relief against Defendant:

A.     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

B.     Certifying this action as a class action (for the Rule 23 Wisconsin Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claim (Count II);

C.     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Wisconsin Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including publishing of notice is a manner that is reasonably calculated to apprise the class/collective members of their rights by law to join and participate in this lawsuit;

D.     Designating Plaintiff as the representative of the FLSA Collective and the Rule 23 Wisconsin Class, and undersigned counsel as Class counsel for the same;

E.     Finding that Defendant willfully violated the FLSA and the Department of Labor's attendant regulations cited herein;

F.     Finding that Defendant violated the Wisconsin Wage Payment and Collection Laws, and that said violations were intentional, willfully oppressive, fraudulent and malicious;

G.     Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective and the Rule 23 Wisconsin Class the full amount of compensatory damages and liquidated damages available by law;

H.     All damages and penalties owed to Plaintiff and the Rule 23 Wisconsin Class under the Wisconsin Wage Payment and Collection Laws;

I.     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

J.     Granting an incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective and Rule 23 Wisconsin Class members in this action;

K.    Awarding pre- and post-judgment interest to Plaintiff on these damages; and

L.    Awarding such other and further relief as this Court deems appropriate.

### JURY DEMAND

Plaintiff Tanisha Mayes, individually and on behalf of all other FLSA Collective and Rule 23 Wisconsin Class members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.


Respectfully submitted,

**BROWN, LLC**

Dated: August 17, 2022

*/s/ Jason Brown*
Jason T. Brown (ARDC # 6318697)
Nicholas Conlon (to seek PHV)
Edmund C. Celiesius (to seek PHV)
BROWN, LLC
205 North Michigan Avenue
Suite 810
Chicago, Ill 60601
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
ed.celiesius@jtblawgroup.com

*Counsel for Plaintiff*